FILED

FEB 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NABARAJ KHATRI,

Petitioner,

v.

ROBERT M. WILKINSON, Acting
Attorney General,

Respondent.

No.    19-72271

Agency No. A206-986-668

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2021[**]
San Francisco, California

Before:  HURWITZ and BRESS, Circuit Judges, and CORKER,[***] District Judge.

Nabaraj Khatri, a citizen of Nepal, petitions for review of a decision of the

Board of Immigration Appeals ("BIA") dismissing his appeal from an order of an

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Clifton L. Corker, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition in part and dismiss it in part.

1.     We review the IJ's adverse credibility determination for substantial evidence. *Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020).[1]  A credibility determination must be based on the "totality of the circumstances, and all relevant factors."  8 U.S.C. § 1158(b)(1)(B)(iii).  The IJ must give "specific and cogent reasons" for a non-credibility finding and should "refer to specific instances in the record that support a conclusion that the factor undermines credibility." *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) (cleaned up).  We consider "the reasons explicitly identified by the BIA," and "the reasoning articulated in the IJ's decision in support of those reasons." *Mukulumbutu*, 977 F.3d at 925 (cleaned up).

Substantial evidence in the record supports each reason the BIA cited in affirming the adverse credibility determination. *First*, Khatri's testimony on harm allegedly suffered due to his political opinion was inconsistent with his declaration as to the number of instances in which he claimed he was harmed and the extent of

---

[1] Although Khatri recognized in his opening brief that our review is for substantial evidence, he argued for the first time in his reply that a different standard of review applies.  We decline to address that argument. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issues not raised and argued in an opening brief are forfeited).

the harm he allegedly suffered. 8 U.S.C. § 1158(b)(1)(B)(iii) ("consistency" is a relevant factor). This inconsistency, which goes to Khatri's claim of persecution, is not "trivial." *See Shrestha*, 590 F.3d at 1043. *Second*, Khatri's hearing testimony on his work for the Nepali Congress Party was inconsistent with his declaration and insufficiently detailed. *See id.* at 1040 ("lack of detail" is a relevant factor). In his hearing testimony, Khatri gave only general descriptions of his involvement with the Party, despite being repeatedly asked for more, and having submitted a declaration detailing his involvement in specific initiatives. *Third*, as the examples identified by the IJ illustrate, Khatri routinely gave unresponsive answers. 8 U.S.C. § 1158(b)(1)(B)(iii) ("responsiveness" is a relevant factor). The IJ offered Khatri the opportunity to address these credibility concerns, *see Bhattarai v. Lynch*, 835 F.3d 1037, 1045 (9th Cir. 2016), and his explanations do not compel a finding of credibility.

2.  Substantial evidence supports the finding that Khatri did not qualify for asylum or withholding of removal. Khatri had the burden of establishing that his political opinion was either "one central reason," 8 U.S.C. § 1158(b)(1)(B)(i) (asylum), or "a reason," *id.* § 1231(b)(3) (withholding), for any alleged persecution. As the BIA found, without credible testimony from Khatri, the remaining evidence, including threatening letters Khatri received from Maoists, did not "establish that a protected ground would be a reason, let alone a central reason, for the threats." The

letters sought donations and votes and noted displeasure with Khatri's non-compliance with previous demands, but did not reference Khatri's political opinion. The record supports the BIA's finding that the letters could reasonably be explained by the fact that "Maoists threatened and extorted wide swaths of Nepali citizens."

3.    We lack jurisdiction to consider Khatri's challenge to the denial of CAT relief because he did not raise this claim in his appeal to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED IN PART, DISMISSED IN PART.**